# EXHIBIT A

Case 2:22-cv-02360-JS-ST    Document 1-1    Filed 04/26/22    Page 2 of 10 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------------X

JENNYS E. PAYARES,

                               Plaintiff,

          -against-

RYDER TRUCK RENTAL, INC. and ROLAND JONG
KEJU,

                          Defendants.

------------------------------------------------------------------X

**INDEX NO.:**_____

**Date Purchased:**_____

**SUMMONS**

**Plaintiff Designates
Nassau County as the
Place of Trial**

**The Basis of Venue is:
Plaintiff's Residence**

TO THE ABOVE-NAMED DEFENDANT(S):

       YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New
York, County of Suffolk, New York, within the time provided by law as noted below to file your
answer to the annexed Verified Complaint with the Clerk; upon your failure to answer, judgment
will be taken against you in the amount demands in the complaint, or later to be determined, with
interest thereon from the filing of this suit, together with the costs of this action.

Dated: August 12, 2021
      Islip, New York

                                    **FRANK C. PANETTA, ESQ.**
                                    **PANETTA AMINOV, PC**
                                    *Attorneys for Plaintiff*
                                    670 Main Street
                                    Islip, New York 11751
                                    (631)446-4411

*Defendants' addresses:*

Ryder Truck Rental, Inc.
11670 NW 105th Street
Miami, FL 33178

Roland Jong Keju
1315 N 47th Street
Lincoln, NB 68503

NOTE: The law provides that: (a) If this summons is served by its delivery to you personally
within the City of New York, you must appear and answer within TWENTY days after such
service; or (b) If this summons is served by delivery to any person other than you personally, or
is served outside the City of New York, you are allowed THIRTY days after proof of service is
filed with the Clerk of this Court within which to appear and answer.

**PLEASE IMMEDIATELY TRANSMIT THIS DOCUMENT TO YOUR INSURANCE
COMPANY. YOUR FAILURE TO DO SO MAY RESULT IN YOUR PERSONAL
LIABILITY FOR ANY JUDGMENT.**

Case 2:22-cv-02360-JS-ST   Document 1-1   Filed 04/26/22   Page 3 of 10 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------X          **INDEX NO.:**_____

JENNYS E. PAYARES,

                             Plaintiff,          **VERIFIED**
                                        **COMPLAINT**

      -against-

RYDER TRUCK RENTAL, INC., and ROLAND JONG
KEJU,

                            Defendants.

-----------------------------------------------------------------------X

      Plaintiff, **JENNYS E. PAYARES**, by her attorneys, **PANETTA AMINOV, PC,**

complaining of the Defendants above named, respectfully alleges as follows:

<u>THE PARTIES</u>

    1.  At all times herein mentioned, Plaintiff JENNYS E. PAYARES was and remains a

resident of the County of Nassau, State of New York.

    2.  That upon information and belief, at all times herein mentioned, Defendant RYDER

TRUCK RENTAL, INC was and remains a domestic corporation, duly authorized

to conduct and transact business in the State of New York.

    3.  That upon information and belief, at all times herein mentioned, Defendant RYDER

TRUCK RENTAL, INC was and remains a foreign corporation, duly authorized

to conduct and transact business in the State of New York.

    4.  That upon information and belief, at all times herein mentioned Defendant ROLAND

JONG KEJU was and remains a resident of the County of Lancaster, State of Nebraska.

    5.  That upon information and belief, at all times herein mentioned, Defendant ROLAND

JONG KEJU was and remains an agent, servant and/or employee of Defendant RYDER TRUCK

RENTAL, INC.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANT RYDER TRUCK RENTAL, INC

1.  At all times herein mentioned, Defendant RYDER TRUCK RENTAL, INC owned a

certain 2019 International box truck bearing Indiana State plate number 2736095.

2.  At all times herein mentioned, Defendant RYDER TRUCK RENTAL, INC operated a

certain 2019 International box truck bearing Indiana State plate number 2736095.

3.  At all times herein mentioned, Defendant RYDER TRUCK RENTAL, INC controlled a

certain 2019 International box truck bearing Indiana State plate number 2736095.

4.  At all times herein mentioned, Defendant RYDER TRUCK RENTAL, INC managed a

certain 2019 International box truck bearing Indiana State plate number 2736095.

5.  At all times herein mentioned, Defendant RYDER TRUCK RENTAL, INC maintained a

certain 2019 International box truck bearing Indiana State plate number 2736095.

6.  At all times herein mentioned, Defendant ROLAND JONG KEJU,

operated and drove said 2019 International box truck bearing Indiana State plate number

2736095 with the consent and permission of Defendant RYDER TRUCK RENTAL, INC.

7.  At all times herein mentioned, the Eastbound upper level of the Verrazano Bridge, in the

County of Kings, in the City and State of New York, was and is a public roadway and/or

thoroughfare.

8.  That on or about September 10, 2019, Plaintiff JENNYS E. PAYARES was lawfully and

rightfully operating a 2010 Mazda motor vehicle bearing New York State plate number

HPX1640 at the abovementioned location.

9.  That on or about September 10, 2019, at the aforementioned location and time, the motor

vehicle owned, operated, controlled, managed and maintained by Defendant RYDER TRUCK

Case 2:22-cv-02360-JS-ST   Document 1-1   Filed 04/26/22   Page 5 of 10 PageID #: 10

RENTAL, INC was caused to come into a collision with the vehicle operated and occupied by Plaintiff JENNYS E. PAYARES.

10. That as a result of the aforesaid contact, Plaintiff JENNYS E. PAYARES was seriously injured.

11. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendant RYDER TRUCK RENTAL, INC and without any fault or negligence on the part of the Plaintiff contributing thereto.

12. Defendant RYDER TRUCK RENTAL, INC was negligent, careless and reckless in the ownership, operation, control, management and maintenance of the above-mentioned automobile on the date, time and place aforementioned in that they failed to keep a proper lookout and watch; failed to keep their motor vehicle under proper and safe control; operated their motor vehicle at dangerous rates of speed; failed to observe proper laws and traffic signals; failed to yield the right of way; failed to be observant of the safety of the Plaintiffs; failing and omitting to provide and/or make proper and timely use of braking mechanisms, signal devices and steering devices; in failing to give sign, signal or warning of the approach by horn or otherwise; in failing to be reasonably alert; in failing to avoid Plaintiff's vehicle; in failing to avoid a collision; in failing to look in the direction in which the vehicle was traveling; caused their above-mentioned vehicle to come into contact with the Plaintiff's person without any negligence on the part of the Plaintiff contributing thereto, and were further negligent in other respects.

13. That by reason of the foregoing, Plaintiff JENNYS E. PAYARES suffered severe, serious and, upon information and belief, permanent personal injuries; and Plaintiff was otherwise damaged.

14. That Plaintiff JENNYS E. PAYARES sustained serious injuries as defined in Subdivision (d) of §5102 of the Insurance Law.

15. That Plaintiff JENNYS E. PAYARES sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

16. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

17. That by reason of the foregoing, Plaintiff JENNYS E. PAYARES has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANT ROLAND JONG KEJU

18. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs of the Complaint designated "1" through "17", inclusive with the same force and effect as though said paragraphs were more fully and completely set forth herein at length.

19. At all times herein mentioned, Defendant ROLAND JONG KEJU owned a certain 2019 International box truck bearing Indiana State plate number 2736095.

20. At all times herein mentioned, Defendant ROLAND JONG KEJU operated a certain 2019 International box truck bearing Indiana State plate number 2736095.

21. At all times herein mentioned, Defendant ROLAND JONG KEJU controlled a certain 2019 International box truck bearing Indiana State plate number 2736095.

22. At all times herein mentioned, Defendant ROLAND JONG KEJU managed a certain 2019 International box truck bearing Indiana State plate number 2736095.

23. At all times herein mentioned, Defendant ROLAND JONG KEJU maintained a certain 2019 International box truck bearing Indiana State plate number 2736095.

24. At all times herein mentioned, the Eastbound upper level of the Verrazano Bridge, in the

County of Kings, in the City and State of New York, was and is a public roadway and/or thoroughfare.

25. That on or about September 10, 2019, Plaintiff JENNYS E. PAYARES was lawfully and rightfully operating a 2010 Mazda motor vehicle bearing New York State plate number HPX1640 at the abovementioned location.

26. That on or about September 10, 2019, at the aforementioned location and time, the motor vehicle owned, operated, controlled, managed and maintained by Defendant ROLAND JONG KEJU was caused to come into a collision with the vehicle operated and occupied by Plaintiff JENNYS E. PAYARES.

27. That as a result of the aforesaid contact, Plaintiff JENNYS E. PAYARES was seriously injured.

28. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of Defendant ROLAND JONG KEJU and without any fault or negligence on the part of the Plaintiff contributing thereto.

29. Defendant ROLAND JONG KEJU was negligent, careless and reckless in the ownership, operation, control, management and maintenance of the above-mentioned automobile on the date, time and place aforementioned in that he failed to keep a proper lookout and watch; failed to keep his motor vehicle under proper and safe control; operated his motor vehicle at dangerous rates of speed; failed to observe proper laws and traffic signals; failed to yield the right of way; failed to be observant of the safety of the Plaintiff; failing and omitting to provide and/or make proper and timely use of braking mechanisms, signal devices and steering devices; in failing to give sign, signal or warning of the approach by horn or otherwise; in failing to be reasonably alert; in failing to avoid Plaintiff's vehicle; in failing to avoid a collision; in failing to

look in the direction in which the vehicle was traveling; caused the above-mentioned vehicle to come into contact with the Plaintiff's Person without any negligence on the part of the Plaintiff contributing thereto, and was further negligent in other respects.

30. That by reason of the foregoing, Plaintiff JENNYS E. PAYARES suffered severe, serious and, upon information and belief, permanent personal injuries; and Plaintiff was otherwise damaged.

31. That Plaintiff JENNYS E. PAYARES sustained serious injuries as defined in Subdivision (d) of §5102 of the Insurance Law.

32. That Plaintiff JENNYS E. PAYARES sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

33. That this action falls within one or more of the exceptions as set forth in CPLR §1602.

34. That by reason of the foregoing, Plaintiff JENNYS E. PAYARES has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**WHEREFORE,** Plaintiff JENNYS E. PAYARES demands judgment against the Defendants in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

Dated: August 12, 2021
     Islip, New York

**FRANK C. PANETTA, ESQ.**
**PANETTA AMINOV, PC**
*Attorneys for Plaintiff*
670 Main Street
Islip, New York 11751
(631)446-4411

FILED: NASSAU COUNTY CLERK 08/13/2021 03:28 PM
NYSCEF DOC. NO. 1

INDEX NO. 610426/2021
RECEIVED NYSCEF: 08/13/2021

*Defendants' addresses:*

Ryder Truck Rental, Inc.
11670 NW 105th Street
Miami, FL 33178

Roland Jong Keju
1315 N 47th Street
Lincoln, NB 68503

FILED: NASSAU COUNTY CLERK 08/13/2021 03:28 PM          INDEX NO. 610426/2021
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 08/13/2021

VERIFICATION

STATE OF NEW YORK )

        ss.: )

COUNTY OF SUFFOLK )


The undersigned, FRANK C. PANETTA, is an attorney and partner of the firm of PANETTA AMINOV, P.C., with offices at 670 Main Street, Islip, County of Suffolk, duly admitted to practice law in the Courts of the State of New York, states:

That Deponent is the attorney of record for JENNYS E. PAYARES, Plaintiff in the within action. That Deponent has read the foregoing SUMMONS & COMPLAINT and knows the contents thereof. That same is true to the Deponent's own knowledge, except as to those matters therein stated to be alleged on information and belief, and that as to those matters, Deponent believes it to be true.

Deponent further states that the reason this Verification is made by Deponent and not by JENNYS E. PAYARES, as She is a resident of the NASSAU COUNTY, which is outside of the County where PANETTA AMINOV maintains their office. That the source of Deponent's information, and the grounds of Deponent's belief as to all matters herein, not therein stated upon knowledge, are records, reports and correspondence in connection with this matter reviewed by your Deponent.


Dated: August 12, 2021
    Islip, New York

FRANK C. PANETTA; ESQ.
**PANETTA AMINOV, PC**
*Attorneys for Plaintiff*
670 Main Street
Islip, New York